
FILED
IN OPEN COURT

AUG 2 5 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANA GHAZI MUSTAFA,<br><br>Defendant. | Case No. 1:20-CR-144 |

## STATEMENT OF FACTS

The United States and the defendant, DANA GHAZI MUSTAFA, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. On or about February 22, 2020, the defendant was a passenger aboard United Airlines Flight 933 (with aircraft registration number N78005) flying from Frankfurt, Germany to Washington Dulles International Airport ("IAD") in Chantilly, Virginia, within the Eastern District of Virginia.

2. At approximately 7:30 PM Central European Time while United 933 was over the Atlantic Ocean, flight attendants were alerted to the activation of a lavatory smoke detector. The flight attendants found the defendant in the lavatory, directed her not to smoke aboard the aircraft, and told her to return to her seat. One of the flight attendants removed a cigarette from the trash can. The defendant was under the influence of alcohol and smelled of alcohol and cigarettes. As she was crying and visibly upset, the flight attendants relocated her to another seat. The defendant told a flight attendant that she was flying home to the United States to see her family but had learned that her family members had all been killed in a car accident by a drunk driver.

3.  Shortly thereafter, the defendant began to punch the back of the seat in front of her and threw a coin at its monitor before leaving her seat and walking back toward the restroom while striking the flint of her cigarette lighter. United 933's purser instructed the defendant to return to her seat, and she complied.

4.  However, approximately ten minutes later, the defendant stood up again and moved toward the lavatory with her lighter in hand. A flight attendant attempted to stop her, but the defendant pushed the flight attendant and tried to close the lavatory door. At that time, two Federal Air Marshalls ("FAMs") interceded. One FAM identified himself as a FAM and ordered the defendant to exit the lavatory, but the defendant refused and had to be physically removed from the lavatory. A second FAM eventually managed to handcuff the defendant. She kicked that FAM several times in the shins after being handcuffed, but he was uninjured.

5.  The FAMS searched the defendant and her effects and discovered a cigarette lighter, a burned-out cigarette, and a half-empty bottle of Absolute Vodka.

6.  The defendant was moved to first class where the FAMS removed her handcuffs and monitored her for the remainder of the flight. Throughout the remainder of the flight, she made statements about harming herself and others on the aircraft. She punched a window next to her seat and, after retrieving her phone from her carry-on bag, threw her phone against a wall. Two FAMS escorted the defendant to the lavatory at her request and noted that she smelled heavily of cigarette smoke when she exited the lavatory. The defendant told the FAMs that she had smoked again, and they discovered an additional lighter on her person. The defendant advised that she had retrieved the lighter from her bag while she was looking for her phone.

7. After landing at IAD, the defendant was interviewed by a Federal Bureau of Investigation ("FBI") agent and admitted to him that she had lied about her family being killed by a drunk driver. The defendant was subsequently arrested by the FBI.

8. At the time of the defendant's conduct, United 933 was an aircraft in the special aircraft jurisdiction of the United States as defined by 18 U.S.C. § 46501.

9. The actions of the defendant, as recounted above, were in all respects willful, knowing, and deliberate, and were not committed by mistake, accident, or other innocent reason.

10. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. The defendant acknowledges that the foregoing facts do not describe all of her conduct relating to the offense charged in this case.

11. This statement of facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that she might have under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: 8/13/2020      By: _____
John C. Blanchard
Assistant United States Attorney

3

## DEFENDANT'S STIPULATION AND SIGNATURE

After consulting with my attorney, and pursuant to the plea agreement entered into this day between myself and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that if the matter had proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 8/10/2020

DANA MUSTAFA
Defendant

## DEFENSE COUNSEL'S SIGNATURE

I am the attorney for DANA MUSTAFA, and I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is informed and voluntary.

Date: 8/13/20

Cadence Mertz, Esq.
Counsel for the defendant

4