IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:20-CR-144 |
| DANA GHAZI MUSTAFA, | Hon. Anthony J. Trenga |
| Defendant. | Sentencing: January 6, 2020 |

## THE UNITED STATES' POSITION ON SENTENCING

The United States of America, through undersigned counsel and in accordance with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."), hereby provides its position paper with respect to the sentencing of the defendant, Dana Mustafa.  The United States has no objection to the Guidelines' calculation and factual information contained in the Presentence Report.   The Presentence Report accurately reflects that the defendant's advisory Guidelines range is 0 to 6 months' incarceration.   Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence of 2 years' supervised probation is sufficient, but not greater than necessary, to fulfill the purposes of sentencing in this case.

## I.      FACTUAL BACKGROUND AND PROCEDRUAL HISTORY

The factual basis supporting the conviction in the case at bar and relevant to the determination of the defendant's sentence is accurately set forth in the stipulated Statement of Facts.   ECF No. 28.   On August 25, 2020, the defendant entered a plea of guilty to interference with flight crew members and attendants, in violation of 49 U.S.C. §46504.   ECF Nos. 16 (Count 2), 26.   The United States will move this Court to dismiss Count 1 of the indictment, which charges a violation of 18 U.S.C. 111(a)(1), at the conclusion of the defendant's sentencing hearing.

## II.   SENTENCING GUIDELINES

Though the Guidelines are advisory, sentencing courts must consult the Guidelines and take them into account when sentencing a defendant.   *United States v. Booker*, 543 U.S. 220, 261 (2005).   Thus, at sentencing, a court must first calculate the Guidelines range applicable to the defendant's case.   *Nelson v. United States*, 555 U.S. 350, 351 (2009).   The United States, the U.S. Probation Office, and the defendant believe that the calculation of the appropriate offense level for the defendant is as follows:

| | |
|---|---|
| **Base Offense Level (§ 2A5.2)**<br>(§ 2A5.2(a)(4)) | **9** |
| **Acceptance of Responsibility**<br>Clear demonstration of acceptance of responsibility (§ 3E1.1(a)) | **-2** |
| **Adjusted Offense Level** | **7** |

As the defendant is in criminal history category I, the resulting applicable guidelines range is 0 to 6 months of imprisonment.

## III.   § 3553(a) FACTORS

It is well-settled that after calculating the applicable Guidelines range, a sentencing court must then consider that range, as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), and determine a sentence that is appropriate and reasonable for the individual defendant.   *See Nelson*, 555 U.S. at 351; *see also United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006) (stating that the sentencing court must fulfill the sentencing objectives established by congress, namely: the promotion of respect for the law; just punishment; adequate deterrence; protection of the public; rehabilitation; and restitution to victims).   Based on those factors, a sentence of 2 years'

supervised probation, with special conditions that the defendant abstain from drugs and alcohol and follow all recommendations made by mental health and substance abuse professionals, is appropriate in this case.

**A. Nature, Circumstances, and Seriousness of the Offense (§ 3553(a)(1) & (a)(2)(A))**

The defendant's conduct in this case was serious.   Drinking to excess, kicking federal agents, smoking cigarettes, and threatening harm to others while aboard an aircraft flying over open ocean is unacceptable.   Fortunately, no one in this case was injured, no property was damaged, and the plane landed safely.   However, Federal Air Marshalls aboard the flight had to reveal themselves and cease performing their ordinary function of ensuring the safety of the aircraft and those aboard it to look after the defendant.

**B. History and Characteristics of the Defendant (§ 3553(a)(1))**

The defendant's only criminal history stems from a Driving While Intoxicated conviction in North Carolina that she sustained in December of 2014.   The defendant struggles with mental health and substance abuse issues that have plagued her for years, but she has complied with the terms and conditions of her release pending sentencing since August.

**C. Need to Afford Adequate Deterrence to Criminal Conduct (§ 3553(a)(2)(B))**

The United States submits that a sentence 2 years' supervised probation is sufficient to deter this defendant, specifically, from engaging in further criminal acts.   While she initially struggled for the first several months after her arrest, it appears that the defendant is taking this matter seriously and has already benefitted from the Court's supervision since she entered her guilty plea.   The United States believes that an additional term of supervised probation will provide the requisite further deterrent effect.   The United States believes that a period of supervision, during which the defendant would receive the benefit of mental health counseling,

substance abuse treatment, and the support of a probation officer, would help guide her back onto the right track.

## III.    CONCLUSION

For the foregoing reasons, the United States respectfully asks this Honorable Court to sentence the defendant to 2 years' supervised probation, with special conditions that the defendant abstain from drugs and alcohol and follow all recommendations made by mental health and substance abuse professionals, and a $100 special assessment.


Respectfully submitted,

G. Zachary Terwilliger
United States Attorney



Date:   <u>December 30, 2020</u>        By:   _____/s/_____
                                            John C. Blanchard
                                            Assistant United States Attorney
                                            Office of the United States Attorney
                                            2100 Jamieson Avenue
                                            Alexandria, Virginia 22314
                                            Phone: (703) 299-3999
                                            Fax:     (703) 299-3980
                                            John.Blanchard@usdoj.gov

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 30, 2020, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

I further certify that on December 30, 2020, I emailed a copy of the foregoing to the U.S. Probation Officer assigned to this matter:

Kenneth G. Orsino
United States Probation Officer
Eastern District of Virginia
Email: Kenneth_Orsino@vaep.uscourts.gov

By:  _____/s/_____
John C. Blanchard
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3999
Fax:    (703) 299-3980
John.Blanchard@usdoj.gov

5